887 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sil T. WATKINS, Defendant-Appellee.
 No. 88-4194.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Sil T. Watkins, was indicted and convicted by a jury of conspiracy to distribute cocaine, use of a communication facility (telephone) in furtherance of the conspiracy, and attempted possession of one kilogram of cocaine. A codefendant, Raul Vidal, was also convicted on the conspiracy count and a separate telephone count.
 
 
 2
 Watkins now appeals and makes three claims of error: (1) admission of a tape recorded telephone conversation, which allegedly should have been excluded as hearsay; (2) improper admission of similar acts evidence; and (3) insufficient evidence to support the convictions. Upon a review of the record, we find no errors requiring reversal and will affirm.
 
 I.
 
 3
 On October 5, 1987, Anthony Gresham was apprehended for possession of cocaine by an officer of the Broward County, Florida, Sheriff's Department. Gresham indicated he was only a courier and agreed to cooperate with the police and make a controlled delivery of the cocaine. The cocaine had been obtained by Gresham from Raul Vidal in Miami and was to be delivered to Watkins in Cincinnati, Ohio. Gresham telephoned Watkins when he arrived in Cincinnati, and these calls were recorded. Watkins met Gresham, who was wearing a body recorder, at the bus station and was arrested as the cocaine was being delivered to him.
 
 
 4
 Immediately after Watkins' arrest, Gresham, at the request of DEA agents, placed a taped telephone call to Vidal. Gresham told Vidal that Watkins had been unhappy about the quality and weight of the cocaine and wanted a partial refund. The remarks of Vidal indicated his knowledge of Watkins and the cocaine transaction. Gresham also fabricated that he had another buyer for cocaine and this was briefly discussed. The tape of this conversation became Exhibit 7 at trial. (App. 10-18).
 
 II.
 
 5
 Defendant objected to the introduction of Exhibit 7 at trial, and continues to argue on appeal that the tape should not have been admitted under Fed.R.Evid. 801(d)(2)(E) as a statement of a coconspirator.[1] The argument is bottomed on the fact that because Watkins was arrested and Gresham was, in effect, in custody, the statement could not have been "during the course and in furtherance of the conspiracy." Watkins also argues that any discussion of a drug sale to a new purchaser would be a separate conspiracy, not involving him. The government counter-argues that the arrest of one coconspirator does not terminate the conspiracy as to other unarrested coconspirators. The government also claims that because the conspiracy charged in the indictment involved supplying cocaine to Watkins and others, the conspiracy was ongoing, notwithstanding Watkins' arrest. Both Watkins and the government cite and miscite a number of cases allegedly in support of their respective arguments. Although we think the government makes a second argument in support of its position,[2] we prefer to resolve this evidentiary issue on another ground.
 
 
 6
 Federal Rule of Evidence 801(c) defines "hearsay" to be "a statement ... offered in evidence to prove the truth of the matter asserted." A "statement" is defined as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Fed.R.Evid. 801(a). When these definitions are applied to the context of government Exhibit 7, it is clear that the hearsay rule is not implicated. There were no statements intended as assertions made by Vidal concerning Watkins that were offered for their truth. The significance of the telephone call (as it pertains to Watkins) was that Gresham knew how to contact Vidal whom he had identified as his source, and that it is clear from Vidal's remarks that he knew Watkins and that a drug deal was to occur. The significance of the statements is that they were made--not their content. The statements, of course, have additional evidentiary import as to Vidal, who was a codefendant in this trial, and were clearly admissible against him. We find no evidentiary error in the admission of Exhibit 7.
 
 
 7
 Although he does not list it as an issue, Watkins also makes a brief reference to the admission of the statement as being in violation of his sixth amendment rights under Bruton v. United States, 391 U.S. 123 (1968). The government, apparently concluding that this is not raised as one of the issues on appeal, makes no response. Because of our construction of the nature of the statement admitted, it is really not necessary to discuss Bruton; however, it is clear that Bruton has no applicability here. Bruton dealt with the admission into evidence of a codefendant's confession which implicated his partner in crime. We have no such set of circumstances here.
 
 III.
 
 8
 Watkins' next claim of error involves what he characterizes as "prior acts" testimony. Fed.R.Evid. 404(b). The district court admitted, over defense objections, the testimony of one Alan Cann who testified that, prior to the incidents involved here, he had purchased cocaine from Watkins. Testimony by Gresham involving prior purchases and transportation of cocaine during the course of the conspiracy alleged herein was also admitted, as was the testimony of one Leroy Jackson, Jr., who testified that he had accompanied Gresham on one trip to Florida and had brought back cocaine which Gresham indicated was for Watkins.
 
 
 9
 The "prior acts" argument of Watkins can be quickly resolved. Watkins was tried on a superseding indictment which expanded the date of the charged conspiracy to the time period of the "spring of 1984 up through and including October 15, 1987." (App. 5). Those acts identified through testimony were within this time period and so were not prior acts at all.
 
 
 10
 Watkins also argues that there should have been no testimony about cocaine transactions, other than the one on October 6, 1987, since the government did not prove by chemical analysis that the substance involved on other occasions was cocaine. We find no merit to this argument. Watkins was not charged with these other transactions as substantive offenses, so there was no need for the government to specifically prove the substance involved was cocaine. The evidence went to prove the conspiracy charge. Where conconspirators and other participants reference drug transactions not charged as a substantive offense but occurring during the time period charged for the conspiracy, such evidence is admissible if there is a circumstantial guarantee of trustworthiness relative to the testimony. For example, if the price paid for the substance is indicative of it being a controlled substance, or if the other participant is a drug dealer or drug user, or if the overall circumstances indicate an illegal narcotics transaction is involved, the testimony may come in. In fact, in this circuit, we have allowed, even as to substantive offenses charged, the government to "establish the identity of a drug through cumulative circumstantial evidence." United States v. Schrock, 855 F.2d 327, 334 (6th Cir.1988).
 
 IV.
 
 11
 The final issue raised by the defendant is that, absent the inadmissible evidence, there was insufficient evidence to convict. Because we have rejected the defendant's arguments as to the alleged inadmissible evidence, this is now a non-issue. However, even if we look at the case without the evidence challenged by the defendant, we do so under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). We determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. Id. at 319. Here we find that, based on the recorded conversations of the defendant and the testimony of Gresham, the jury would have had adequate evidence to convict.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Evid. 801(d)(2) reads in pertinent part: "A statement is not hearsay if ... [t]he statement is offered against a party and is ... (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."
 
 
 [2]
 See, e.g., United States v. Ramos, 861 F.2d 461, 465 (6th Cir.1988), cert. denied, 109 S.Ct. 1353 & 1653 (1989)